"The jurors for the State, upon their oath, present, that Sampson Neese, late of the county of Orange, farmer, being a person of an envious, evil, and wicked mind, and of a most malicious disposition, and wickedly, maliciously, and unlawfully minding, contriving, and intending as much as in him lay to injure, oppress, and aggrieve and vilify the good name, fame, credit, and reputation of one Elizabeth B. Holt, spinster, a good, worthy, virtuous girl, and to bring her into great contempt, ridicule, and disgrace, after the first day of August, in the year of our Lord one thousand *Page 494 
eight hundred and seventeen (to wit), on the tenth day of August in the same year, with force and arms in the county aforesaid, of his great hatred, malice, and ill-will towards the said Elizabeth B. Holt, wickedly, maliciously, and unlawfully did write and cause to be written a certain scandalous, malicious, and defamatory libel of and concerning the said Elizabeth B. Holt, which said false, scandalous, malicious, and defamatory libel is according to the tenor following, to wit: Notice to all Persons Jentlemen I have taken it upon myself to inform yo of A sircumstance that occird Latterly between John Holts and Benjamin (692) Whitbys as I was going on I discovered A man and a woman along the field side and after standing a while I discovered that one was a Negro. Seeing that they were so busily engaged I lit of and made toward them I got within About twenty yards of them and Behold it was Betsey Holt the daughter of Miss Holts (meaning the said Elizabeth B. Holt) and a Negro boy I Beleafe belonging to Mr. Whidbey I then Returned to my Beast, Jentlemen I assert this for the fact tho it is a Sircumstance that will evidently show for itself in a Coming time tho ther is A young man over the Alamance that would Witness this case he was Present with mea and he Beged mea to let no person for the sak of the Best of the family he having a great Respect for some of them I Beleafe formerly more so for hur than the Rest — I therefore will not assign my name Perhaps some of yo will say every person has their enemays and enmity speaks the truth of no Person but this Sircumstance will show for itself and if not I am able to make it appeare. Which said scandalous, malicious, and defamatory libel he, the said Sampson Neese, afterwards, to wit, on the same day and year aforesaid, on a tree on the side of the Public Road leading from Trolinger's Bridge to Hillsborough, in the county aforesaid, wickedly, maliciously, and unlawfully did publish, nail up and fasten, to the great damage, disgrace, scandal, and injury of the said Elizabeth B. Holt, to the evil and pernicious example of all other in the like case offending, and against the peace and dignity of the State."
The question which arises in this case is whether the libel stated in the indictment constitutes per se a libel. If it does, it being charged to be written of and concerning Elizabeth Holt, by the defendant, the State would be entitled to judgment; and it seems to me a very plain case.
Wherever the indictment charges the defendant with the writing or publishing of a libel of and concerning another, and the libel when set forth of itself contains clear, unambiguous, libelous matter — that is, something representing the person of whom written in a disgraceful or ridiculous manner, all other allegations would be useless and cumbersome *Page 495 
verbiage. But if the matter be only by way of allusion, (693) or reference, or ironical, then although the whole world might put the same construction upon it, yet as this construction is by understanding something not expressed, this fact or thing so understood
must be stated in the indictment by way of introduction, and must bepointed at by explanatory inuendoes. The indictment in the present case contains nothing introductory by way of informing us what it was the defendant intended should be understood that Elizabeth Holt had been guilty of, and consequently no inuendo, if used, could enlarge or in any manner qualify the import of the words of the libel. The libel itself represents that Elizabeth Holt was seen busily engaged with a negro boy. These words of themselves import no criminality, nor do they represent Elizabeth Holt in a ridiculous light, except by understanding them to mean something notexpressed; and though the whole world might understand the writing to mean the same thing, yet before the defendant can be punished for the imputationimplied, the jury must say that such was his meaning. When they have said so, then the court judicially knows it, and can proceed to inflict the punishment he so richly deserves; but the jury cannot take cognizance that such was the party's meaning unless it be averred so upon the record. This doctrine is fully stated by Chief Justice De Grey in the King v. Horne.
I confess I had no doubt upon this case at the trial, as I then expressed, and only brought it to this Court in deference to the opinion of the Solicitor General.
There must be judgment for the defendant.
NOTE. — See Watts v. Greenlee, 13 N.C. 115; Brittain v. Allen,ibid, 120; S. c., 14 N.C. 167.
(694)
STATE v. COFFEE. — TERM, 272.
NOTE. — See S. c., reported in 6 N.C. 320.